UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.                              Case No:   2:16-cv-441-FtM-38MRM

KINGDOM LEGACY GENERAL
PARTNER, LLC and MARK C.
NORTHROP,

        Defendants.
_____/

## OPINION AND ORDER[1]

      This matter comes before the Court on review of Plaintiff Securities and Exchange

Commission's ("SEC") Notice of Filing Consents of Defendants Kingdom Legacy General

Partner, LLC ("KLGP") and Mark C. Northrop ("Northrup") and Request for Entry of Final

Judgment, which was filed on May 18, 2017.  (Doc. 32).  The SEC has also filed signed

Consents for KLGP (Doc.  32-1) and Northrup (Doc. 32-3), as well as proposed Consent

Decrees for both Defendants (Docs. 32-2, 32-4).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

This case centers on allegations that the Defendants committed securities fraud. The SEC alleges that Northrup operated as the overseer of a fraudulent enterprise, as a licensed CPA, the owner and CEO of Kingdom Legacy Fund, LLC ("KLF"), and the controlling alter-ego of KLGP.  (Doc. 30 at ¶¶ 2-8, 11-12).  KLGP controls the selection and overall allocation of KLF's assets.  (Doc. 30 at ¶ 11).  KLF is a hedge fund with a portfolio of different investment funds.  (Doc. 30 at ¶ 3).  According to the Amended Complaint, from December 2010 to September 2015, Defendants raised at least $10 million from at least 40 investors for the KLF fund.  (Doc. 30 at ¶ 3).  In the process, Defendants allegedly siphoned at least $3 million in undisclosed fees from investors in KLF.  (Doc. 30 at ¶ 2).

The SEC initiated this action last year.  (Doc. 1).  After the SEC filed an Amended Complaint (Doc. 30), Defendants filed a consolidated Answer and Affirmative Defenses (Doc. 31).  On May 18, 2017, the SEC filed a Notice of Filing signed Consents and a Request for the Entry of Final Judgment.  (Doc. 32).  In the Consents attached to the Notice, each Defendant appeared, consented to the Court's jurisdiction, consented to the entry of Final Judgment without admitting or denying the allegations of the Amended Complaint, waived findings of fact and conclusions of law, and waived the right to appeal a judgment stemming from the Consents.  (Docs. 32-1 at ¶¶ 1-2, 5-6; 32-3 at ¶¶ 1-2, 5-6).

In addition, Defendants agreed in their Consents to the permanent enjoinment of certain activities, including the violation of

- Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), which are codified at 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a).  (Docs. 32-1 at ¶ 2(a); 32-3 at ¶ 2(a));

- Sections 10(b) and 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), which are codified at 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5.  (Docs. 32-1 at ¶ 2(a); 32-3 at ¶ 2(a)); and

- Sections 206(1), 206(2) and 206(4), and 206(4)-8(a) of the Investment Advisers Act of 1940 ("Advisers Act"), which are codified at 15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(4), and 17 C.F.R. 275.206(4)-8(a).  (Docs. 32-1 at ¶ 2(a); 32-3 at ¶ 2(a)).

Finally, the signed Consents also mandate that Defendants, jointly and severally, agree to pay the SEC $4,150,916.23.  (Docs. 32-1 at ¶ 2(b); 32-3 at ¶ 2(b)).  This figure is broken down by amounts, including $3,315,727.64 in disgorgement for conduct alleged in the Amended Complaint, $515,188.59 in prejudgment interest, and a civil penalty of $320,000.00.  (Docs. 32-1 at ¶ 2(b)-(c); 32-3 at ¶ 2(b)-(c)).

## DISCUSSION

It is axiomatic that a case in active litigation may be settled before trial.  On occasion, this settlement may take the form of a consent decree.  *See United States v. Armour & Co.*, 402 U.S. 673, 681 (1971).  A consent decree, however, differs from a normal settlement agreement because where the latter is breached, the only consequence is another lawsuit.  By contrast, a consent decree is a judgment with the force of *res judicata*, and may be enforced by judicial sanctions, including citations for

contempt.  *See United States v. City of Miami, Fla.*, 664 F.2d 435, 440 (5th Cir. 1981).[2]

"Because the consent decree does not merely validate a compromise but, by virtue of its injunctive provisions, reaches into the future and has continuing effect, its terms require more careful scrutiny."  *Id.*  Therefore, when considering a consent decree a court must discern whether it is fair, reasonable, and lawful.  *See Stovall v. City of Cocoa, Fla.*, 117 F.3d 1238, 1244 (11th Cir. 1997).

Where, as here, a proposed consent decree would enjoin a party from prospective conduct, courts take great care to avoid injunctions that "merely require someone to obey the law."  *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) (internal citations omitted).  "Broad, non-specific language that merely enjoins a party to obey the law or comply with an agreement does not give the restrained party fair notice of what conduct will risk contempt."  *Id.*  Instead, "[a] person enjoined by court order should only be required to look within the four corners of the injunction to determine what he must do or refrain from doing."  *Id.* at 1532 n. 12.  This threshold is largely set out by Federal Rule of Civil Procedure 65, which provides that "[e]very order granting an injunction shall set forth reasons for its issuance; shall be specific in terms; and shall describe in reasonable details, and not by reference to the complaint or other document, the act or acts sought to be restrained."  Fed. R. Civ. P. 65(d) (internal punctuation omitted).

Notably, in their Consents, Defendants have waived any objection that entry of the Proposed Consent Decrees would fail to comply with Rule 65(d).  (Docs. 32-1 at 9; 32-3 at 9).  But even if they had not, the Court would find that the relief requested was

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

sufficiently tailored, as it specifies the securities-related actions that will be enjoined.  In determining whether to approve the consent decrees, the Court also notes that the signed Consents have been entered voluntarily, and that there is no indication in the record that any element of their formation has been tainted by corruption or impropriety.  On the whole, the Court finds the proposed Consent Decrees to be fair, reasonable, and lawful, as they reflect a resolution of the claims in the Amended Complaint.

Accordingly, it is now

**ORDERED:**

1. Defendants KLGP and Northrup are permanently retrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

   a. Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

   b. Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

   c. Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC

as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act 15 U.S.C. § 77h.

    d. It is further **ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing section also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) the officers, agents, servants, employees, and attorneys of either KLGP or Northrup; and (ii) other persons in active concert or participation with KLGP or Northrup or with anyone described in (i).

2. It is **ORDERED** that KLGP and Northrup are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    a. To employ any device, scheme or artifice to defraud;

    b. To obtain money or property by means of any untrue statement of material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c. To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) Any investment in or offering of securities;

(B) The registration status of such offering or of such securities;

(C) The prospects for success of any product or company;

(D) The use of investor funds; or

(E) The misappropriation of investor funds or investment proceeds.

d. It is further **ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing section also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) the officers, agents, servants, employees, and attorneys of either KLGP or Northrup; and (ii) other persons in active concert or participation with KLGP or Northrup or with anyone described in (i).

3. It is **ORDERED** that KLGP and Northrup are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

a. To employ any device, scheme, or artifice to defraud;

b. To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

c. To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) Any investment in or offering of securities;

(B) The registration status of such offering or of such securities;

(C) The prospects for success of any product or company;

(D) The use of investor funds; or

(E) The misappropriation of investor funds or investment proceeds.

d. It is further **ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing section also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) the officers, agents, servants, employees, and attorneys of either KLGP or Northrup; and (ii) other persons in active concert or participation with KLGP or Northrup or with anyone described in (i).

4. It is **ORDERED** that KLGP and Northrup are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1), 206(2), and

206(4) of the Advisers Act, 15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4), and Rule 206(4)-8(a), 17 C.F.R. § 275.206(4)-8(a), by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly to:

    a. Employ any device, scheme or artifice to defraud any client or prospective client; or

    b. Engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

    c. Engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative, including, but not limited to , while an investment adviser to a pooled investment vehicle, making any untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle, or otherwise engaging in any act, practice or course of business that is fraudulent, deceptive or manipulative with respect to any investor or prospective investor in the pooled investment vehicle,

by directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

        (A) Any investment in or offering of securities;

(B) The registration status of such offering or of such securities;

(C) The prospects for success of any product or company;

(D) The use of investor funds; or

(E) The misappropriation of investor funds or investment proceeds.

d. It is further **ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing section also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) the officers, agents, servants, employees, and attorneys of either KLGP or Northrup; and (ii) other persons in active concert or participation with KLGP or Northrup or with anyone described in (i).

5. It is **ORDERED** that Defendants KLGP and Northrup are liable, jointly and severally, for disgorgement of $3,315,727.64, representing profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $515,188.59, and a civil penalty in the amount of $320,000.00 for a total of $4,150,916.23 to the SEC within fourteen (14) days of this Order.

a. Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court, both KLGP and Northrup as defendants in this action, and specifying that payment is made pursuant to this Final Judgment.

b. Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SECT's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interests in such funds and no part of the funds shall be returned to Defendants.

c. The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

d. The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after fourteen (14) days following entry of this Opinion and Order.  Defendant shall pay post judgment interest on delinquent amounts pursuant to 28 U.S.C. § 1961.

6. It is **ORDERED** that Defendants' Consents (Docs. 32-1; 32-3) are incorporated herein with the same force and effect as if set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth herein.

7. It is **ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Opinion and Order.

8. The Clerk is **DIRECTED** to enter judgment accordingly by attaching a copy of this Opinion and Order, terminating all deadlines and motions, and closing the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of June, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record